IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY WOMACK** <br><br> *Plaintiff*, <br><br> v. <br><br> **CITY OF PHILADELPHIA, et al.** <br><br> *Defendants*. | **CIVIL ACTION NO. 24-1167** |

**MEMORANDUM RE: MOTIONS TO DISMISS**

**Baylson, J.**                                                                                                                              **October 10, 2024**

Plaintiff Gregory Womack brings this § 1983 suit against the City of Philadelphia (the "City") and several individuals, including Assistant District Attorney Yvonne Ruiz and detectives Joseph Walsh, Robert Snell,[1] Anthony Tomaino, Michael Gross, and Paul Worrell (collectively, "Defendants"), for alleged constitutional violations in connection with his arrest and conviction for third-degree murder. Defendant Ruiz, Defendant Worrell, and Defendants Gross, Tomaino, Walsh, and the City each moved to dismiss all counts against them.

For the following reasons, Defendant Ruiz's Motion (ECF 11) is **GRANTED with prejudice**. Defendant Worrell's Motion (ECF 12) and Defendants Gross, Tomaino, Walsh, and the City's Motion (ECF 13) are **GRANTED IN PART**. Defendant Worrell's Motion and Defendants Gross, Tomaino, Walsh, and the City's Motion are **GRANTED with prejudice** as to the claims for civil rights conspiracy (Count III) and failure to intervene (Count IV), and are

---

[1] The parties stipulated to dismissing Robert Snell (deceased) as a defendant from this action on July 22, 2024. ECF 19. Plaintiff thereafter filed an Amended Complaint on September 30, 2024, in which it (again) named Robert Snell as a defendant. ECF 25.

**DENIED** as to the claims for deprivation of liberty without due process of law and denial of a fair trial under the Fourteenth Amendment (Count I), violation of Plaintiff's right against self-incrimination in violation of the Fifth and Fourteenth Amendments (Count II), and the municipal liability claim (Count V).

## I.  RELEVANT FACTUAL ALLEGATIONS

### A.  The Robbery

On December 11, 1993, a group of men robbed a grocery store in North Philadelphia.  Am. Compl. (ECF 25) at ¶ 13.  During the robbery, one participant shot and killed the store's owner.  Id. ¶ 14.

### B.  Plaintiff's Interrogation

Over a year after the robbery, Defendant Walsh "and others" allegedly interrogated Plaintiff, who was incarcerated at the time.  Id. ¶ 17.  The Amended Complaint alleges that police isolated the Plaintiff and "threatened and lied to" Plaintiff to get a false confession.  Id.  During the interrogation, Defendant Walsh allegedly told Plaintiff "[w]e know you didn't do anything" and assured Plaintiff he would get a sentence of no more than seven years if he confessed.  Id.  The Amended Complaint then alleges that officers, including Defendants Joseph Walsh, Anthony Tomaino, Michael Gross, and Paul Worrell (the "Officer Defendants"), id. ¶ 10, told Plaintiff that they already had overwhelming evidence against him and that he would get sentenced to a life term if he did not sign a confession.  Id. ¶ 18.  Plaintiff allegedly signed a statement that was written by Defendants without any input from Plaintiff.  Id. ¶ 19.

"Defendant Walsh and others" also allegedly got confessions from Plaintiff's co-defendants—Julius Jenkins and Atil Finney—and from Demond Jackson, a witness who claimed he did not participate in the crime but was with the group before and after.  Id. ¶¶ 20–21.  All four

statements identified Jenkins as the shooter and claimed Plaintiff participated in the robbery, though the Amended Complaint alleges that each account differed significantly. Id. ¶ 22. The Commonwealth charged Jenkins with first-degree murder and Trice, Gainey, Finney, and Plaintiff with second-degree murder. Id. ¶ 29.

### C. The Trial

All five robbery participants were jointly tried in 1996. Id. ¶ 31. At trial, Defendant Walsh read the confession he took from Plaintiff. Id. ¶¶ 42–43. Demond Jackson also testified, but Plaintiff alleges his testimony contradicted his statement to police. Id. ¶ 48. In particular, Plaintiff alleges that Jackson was a highly problematic witness for the Commonwealth because he had incentive to cooperate to avoid being charged in this robbery, he had three open drug cases, his testimony was riddled with inconsistencies, he admitted to lying to police to hide his involvement in another robbery on the night of the grocery store robbery, he admitted to lying under oath at the preliminary hearing about whether he had used drugs on the night of the robbery, and he testified that the police corrected all mistakes in his statement. Id. ¶ 50. Plaintiff alleges that Defendant Ruiz used the co-defendant statements in her closing argument to both corroborate Jackson's testimony and as evidence of the conspiracy charges against all the defendants. Id. ¶¶ 51–52.

Plaintiff was found guilty of third-degree murder and was sentenced to life imprisonment without the possibility of parole. Id. ¶ 55.

### D. Post-Trial Proceedings

Plaintiff's criminal docket sheet indicates that Plaintiff appealed his conviction nine times in subsequent years. ECF 12-1; ECF 13-2.[2] The Amended Complaint alleges that Plaintiff directly

---

[2] Plaintiff's criminal docket is attached to Defendant Worrell's and to Defendants Walsh, Tomaino, Gross, and the City's Motions to Dismiss. The Court is permitted to consider matters of public record, including court-filed documents, at the motion to dismiss stage. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006); Sturgeon v. Pharmerica Corp., 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (Rufe, J.).

appealed his conviction and filed several other post-conviction appeals, including a petition for federal habeas relief and several petitions for post-conviction relief in the Court of Common Pleas. Id. ¶¶ 56–57. On February 11, 2022, Plaintiff filed another petition for post-conviction relief. Id. ¶ 58. The Commonwealth responded on March 10, 2022, and this time the Commonwealth allegedly offered Plaintiff a deal to plead to the identical charges. Id; ECF 12-1; ECF 13-2. Plaintiff accepted the deal, and on March 18, 2022, Plaintiff's conviction was vacated and Plaintiff was sentenced to time served. Id. ¶¶ 59–60.

## II.  PROCEDURAL HISTORY

Plaintiff filed his Complaint on March 18, 2024, ECF 1, bringing the following five claims under 42 U.S.C. § 1983:

- **Count I**:  Deprivation of liberty without due process of law and denial of a fair trial under the Fourteenth Amendment, against all individual Defendants;

- **Count II**:  Violation of Plaintiff's right against self-incrimination in violation of the Fifth and Fourteenth Amendments, against all Defendant Officers;

- **Count III**:  A civil rights conspiracy claim, against all individual Defendants;

- **Count IV**:  A failure to intervene claim, against all individual Defendants;

- **Count V**:  A municipal liability claim against the City of Philadelphia.[3]

On July 3, 2024, Defendant Ruiz and Defendant Worrell each filed a Motion to Dismiss for failure to state a claim. ECF Nos. 11–12. On July 16, 2024, the City and Defendants Walsh, Tomaino, and Gross moved to dismiss Plaintiff's Complaint for failure to state a claim. ECF 13. Plaintiff responded to Defendant Ruiz's and to Defendant Worrell's Motions to Dismiss on July

---

[3] Plaintiff also asserts claims for damages, against all Defendants (Count VI), and punitive damages, against all individual Defendants (Count VII).

17, 2024. ECF Nos. 16–17. Defendant Ruiz filed a reply on July 23, 2024, ECF 20, and Defendant Worrell filed a reply on July 24, 2024, ECF 21. Plaintiff responded to Defendants Walsh, Tomaino, Gross, and the City's Motion to Dismiss on July 30, 2024. ECF 22. The City and Defendants Walsh, Tomaino, and Gross filed a reply on August 6, 2024. ECF 23.

Upon reviewing the Complaint in connection with Defendants' Motions to Dismiss, the Court observed a factual discrepancy between the allegations of the Complaint and the criminal court docket from the Court of Common Pleas of Philadelphia County, attached as Exhibit A to Defendant Worrell's Motion to Dismiss and Exhibit B to Defendants Gross, Tomaino, Walsh, and the City's Motion to Dismiss. The Court therefore ordered on September 13, 2024 that Plaintiff either provide an explanation to account for the apparent discrepancy, file an amended complaint, or certify to the Court that Plaintiff filed a motion in the Court of Common Pleas to amend the criminal court docket sheet. ECF 24.

On September 27, 2024, Plaintiff filed an Amended Complaint accounting for this factual error, but otherwise re-stated the allegations as set forth in the Complaint. ECF 25. The Court therefore considers Defendants' three pending motions to dismiss the original complaint in its current ruling on Plaintiff's Amended Complaint. See Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A., 98 F.4th 463, 472–73 (3d Cir. 2024) ("[D]istrict courts may, in their discretion, deny as moot motions directed to subsequently amended complaints or apply their arguments to the new complaint and dispose of them on the merits.").[4]

---

[4] On September 30, 2024, Defendant Worrell, and on October 9, 2024, Defendants Walsh, Tomaino, Gross, and the City, re-filed their Motions to Dismiss after Plaintiff filed the Amended Complaint, making the same arguments but accounting for the factual error in the Amended Complaint. ECF 28–29.

## III.   PARTIES' CONTENTIONS

### A.   Defendant Ruiz's Motion to Dismiss

Defendant Ruiz asserts that she is absolutely immune from § 1983 liability here. Specifically, Defendant Ruiz contends that she is absolutely immune both for statements in her closing argument on behalf of the Commonwealth and, to the extent the claims are directed to Defendant Ruiz, for allegations that she was "deliberately deceptive by concealing and/or suppressing critical evidence." ECF 11 at 3–4 (quoting Am. Compl. ¶ 62).

Plaintiff responds that Defendant Ruiz's suppression of evidence was a procedural action, not a quasi-judicial act, and is not entitled to absolute immunity. ECF 17 at 4–7.

In reply, Defendant Ruiz argues that a prosecutor's handling of evidence is an act of advocacy entitled to absolute immunity, and that the Amended Complaint is sufficient on its face to discern that Defendant Ruiz is entitled to absolute immunity. ECF 20 at 3–5.

### B.   Officer Defendants' Motion to Dismiss[5]

The Officer Defendants broadly contend that all counts should be dismissed because the Amended Complaint fails to allege facts entitling Plaintiff to relief, ECF 12 at 8, and they also make arguments particular to each claim.

#### 1.   <u>Count I – Fourteenth Amendment Claim</u>

The Officer Defendants contend that Plaintiff's Fourteenth Amendment claims against them for allegedly violating Plaintiff's due process and fair trial rights due to deliberate deception and/or a coerced confession should be dismissed for three reasons.

---

[5] Defendant Worrell filed a separate Motion to Dismiss from his co-defendant detectives. Because the two Motions contain substantially overlapping arguments, the Court combines its analysis and treats all the defendant detectives as "Officer Defendants."

1. Plaintiff's Fourteenth Amendment claim lacks allegations of personal involvement in the alleged constitutional wrongs. ECF 12 at 9–12, 15–17; ECF 13 at 6–7, 9.

2. Plaintiff's subsequent guilty plea to third-degree murder and other crimes after his original conviction was vacated "forecloses [Plaintiff's] ability to plead a plausible claim of material prejudice" as a matter of law. ECF 12 at 13; ECF 13 at 11–12.

3. Plaintiff's Fourteenth Amendment claim based on deliberate deception is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486 (1994). ECF 12 at 13–15; ECF 13 at 11–12.[6]

Plaintiff counters that the Amended Complaint sufficiently alleges the Officer Defendants' personal involvement in the deliberate deception and in the coerced confession. ECF 16 at 4–5; ECF 22 at 4–5. Plaintiff additionally argues that his recent guilty plea is presumed to be free of misconduct and does not bar his Fourteenth Amendment claim as to the original conviction. ECF 16 at 8; ECF 22 at 8. Plaintiff lastly contends that the Officer Defendants are not protected by qualified immunity because the duty to disclose exculpatory evidence established in Brady v. Maryland, 373 U.S. 83 (1963) was decided in 1963, predating the alleged constitutional violations at issue here. ECF 16 at 7; ECF 22 at 5–7.[7]

### 2. Count II – Violation of Right Against Self-Incrimination

The Officer Defendants argue that count II must be dismissed because the Amended Complaint does not plead the officers' personal involvement and the facts as alleged are not sufficient to state a claim. ECF 12 at 18–19; ECF 13 at 12–13.

---

[6] Defendants Walsh, Tomaino, and Gross also assert they are entitled to qualified immunity from Plaintiff's claims of a coerced confession. ECF 13 at 8.

[7] On reply, Defendant Worrell asserts that Plaintiff abandoned his claim for deliberate deception because Plaintiff did not respond to Defendant Worrell's arguments. ECF 21 at 2.

7

Plaintiff does not respond to Defendant Worrell's argument. See generally, ECF 16. Plaintiff responds to Defendants Walsh, Tomaino, and Gross in a footnote that the conduct alleged constitutes more than just a Miranda violation, rather that "the affirmative conduct of the police detectives caused the Plaintiff to believe that he had no choice about confessing." ECF 22 at 2 n.2.

### 3. Count III – Conspiracy

The Officer Defendants assert that Plaintiff does not allege a viable underlying constitutional violation. ECF 12 at 20; ECF 13 at 13–14. Plaintiff responds that the Amended Complaint sufficiently alleges that Defendants acted in concert to withhold evidence and coerce Plaintiff's confession. ECF 16 at 9–10; ECF 22 at 10.

### 4. Count IV – Failure to Intervene

The Officer Defendants assert they are entitled to qualified immunity for any alleged failure to intervene because the Third Circuit has not yet clearly established a right to intervene outside of the Eighth Amendment excessive force context. ECF 12 at 21; ECF 13 at 14–16. Defendants Walsh, Tomaino, and Gross additionally argue that in any event, the Amended Complaint does not adequately plead a claim for failure to intervene. ECF 13 at 14–16.

Plaintiff counters that the Third Circuit in Smith v. Messinger, 293 F.3d 641 (3d Cir. 2002) recognized a § 1983 claim for failure to intervene against a police officer, and notwithstanding that Smith dealt with an Eighth Amendment claim, Smith's holding should extend to this case, ECF 16 at 8–9; ECF 22 at 9.

### 5. Count V – Municipal Liability

The City argues that there cannot be municipal liability because Plaintiff has not sufficiently alleged an underlying constitutional violation against the individual officers. ECF 13

at 16–17. Plaintiff counters in a footnote that the Amended Complaint does sufficiently allege underlying constitutional violations and therefore the municipal liability claim should proceed. ECF 22 at 2 n.1.

IV.     **LEGAL STANDARD**

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

9

V.   ANALYSIS

   A.  Defendant Ruiz

Defendant Ruiz asserts that all of Plaintiff's allegations against her target conduct while she was strictly functioning as an advocate for the Commonwealth and is entitled to absolute immunity.  The Court agrees.

Prosecutors are entitled to absolute immunity for all actions they perform while serving in a "quasi-judicial" role.  Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  To discern when a prosecutor is acting in such a role, courts look to the "nature of the function performed, not the identity of the actor who performed it[.]"  Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001).  Thus, if a prosecutor's acts are "intimately associated with the judicial phase of the criminal process," Imbler, 424 U.S. at 430–31, absolute immunity precludes liability under § 1983.  By and large, "prosecutors are most likely functioning in a 'quasi-judicial' capacity…between indictment and dismissal, acquittal, or conviction."  Odd v. Malone, 538 F.3d 202, 211 (3d Cir. 2008).  As such, absolute immunity routinely extends to a prosecutor's decision to "withhold[ ] exculpatory evidence" during discovery and at trial.  Douris v. Schweiker, 229 F. Supp. 2d 391, 399 (E.D. Pa. 2002) (Baylson, J.).

Plaintiff's allegations against Defendant Ruiz all relate to her treatment of evidence, a core prosecutorial function.  The Amended Complaint alleges "Assistant District Attorney" (presumably Defendant Ruiz) "conceal[ed] and/or suppress[ed] critical evidence – evidence linking fewer than four people to the scene of the crime, evidence of alternative suspects, and undisclosed reports of crime on the same night and in the same vicinity implicating Commonwealth witnesses[.]" Am. Compl. ¶ 62.  But prosecutors are entitled to absolute immunity

10

"from claims based on their failure to disclose exculpatory evidence," even if done deliberately. Yarris v. County of Delaware, 465 F.3d 129, 137 (3d Cir. 2006) (citing Imbler, 424 U.S. at 431–32 n.34 (1976)). Such prosecutorial decision-making is undoubtedly an "act[ ] undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial" and is "entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).[8]

To be sure, the Amended Complaint is not perfectly clear, but what is apparent is that "the conduct triggering absolutely immunity 'clearly appear[s] on the face of the complaint.'" Fogle v. Sokol, 957 F.3d 148, 161 (3d Cir. 2020) (quoting Wilson v. Rackmill, 878 F.2d 772, 776 (3d Cir. 1989). The Court will therefore **DISMISS** all claims against Defendant Ruiz.

### B. Officer Defendants

Plaintiff asserts four substantive claims under 42 U.S.C. § 1983 against the individual detectives (the "Officer Defendants") for alleged violations of Plaintiff's constitutional rights. It is well established that for Plaintiff to state a claim under § 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Court will address each claim separately.

#### 1. Count I - Fourteenth Amendment Claim

The first count of the Amended Complaint alleges that the Officer Defendants violated Plaintiff's Fourteenth Amendment constitutional rights to due process and to a fair trial based on two theories: first, that the Officer Defendants allegedly coerced Plaintiff's confession and second,

---

[8] To the extent Plaintiff bases any part of his claims on Defendant Ruiz's statements during closing argument at trial, Am. Compl. ¶¶ 51–53, such argument must be rejected as Defendant Ruiz is absolutely immune from her conduct during trial. See Burns v. Reed, 500 U.S. 478, 490–91 (prosecutor is "absolutely immune for initiating a prosecution and for presenting the State's case").

that the Officer Defendants allegedly deliberately deceived counsel and the court.  Am. Compl. ¶¶ 77–80.

### a. Coerced Confession

Plaintiff alleges that the Officer Defendants violated his substantive due process right to liberty by using coercive tactics in his interrogation, including the use of "lies" and "threats."  Id. ¶ 78.  Police interrogation violates an individual's Fourteenth Amendment due process rights when the official conduct is "egregious" or "conscience shocking."  Chavez v. Martinez, 538 U.S. 760, 774–75 (2003) (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)); accord Halsey v. Pfeiffer, 750 F.3d 273, 303 (3d Cir. 2014) (applying a "totality of the circumstances" test to assess whether a confession was coerced, considering factors such as the specific police tactics, how the interrogation was conducted, and the characteristics of the accused).

The Amended Complaint's allegations state a plausible claim for relief.  First, the Amended Complaint defines "defendant officers" to include Defendants Walsh, Tomaino, Gross, and Worrell, for reference throughout the Amended Complaint.  Am. Compl. ¶ 10; see Brookings v. City of Philadelphia, 2024 WL 1889242, at *3 (E.D. Pa Apr. 30, 2024) (Kearney, J.) (finding allegations of a sub-group sufficient at the motion to dismiss stage).[9]  The Amended Complaint then alleges that "Defendant Walsh and others" interrogated Plaintiff, who was incarcerated at the time for a separate offense.  Am. Compl. ¶ 17.  During the interrogation, Defendant Walsh allegedly misrepresented to Plaintiff that "[w]e know you didn't do anything," and allegedly assured Plaintiff that by confessing he would get a lighter sentence, no more than seven years.  Id.  Plaintiff alleges additional misrepresentation, in that the Officer Defendants assured Plaintiff there

---

[9] Defendants Worrell, Tomaino, and Gross argue that the Amended Complaint does not sufficiently allege their personal involvement as required in this circuit.  Chavarriaga v. N.J. Dep't of Corrs., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  The Court disagrees.

12

was already overwhelming evidence against him and that he would get a life sentence if he did not confess.  Id. ¶ 18.  Plaintiff allegedly signed a statement that was authored completely by Defendants.  Id. ¶ 19.

Misrepresenting facts in an interrogation may be "insufficient" to find that a confession was coerced, Frazier v. Cupp, 394 U.S. 731, 739 (1969), but it is only "one factor to consider out of the totality of the circumstances." United States v. Velasquez, 885 F.2d 1076, 1088 (3d Cir. 1989).  The Amended Complaint also alleges the Officer Defendants isolated Plaintiff during the interrogation, did not inform him of his Miranda rights,[10] ignored his requests for counsel, verbally abused him, and threatened him to coerce a confession.  Am. Compl. ¶ 83.

The Court will therefore **deny** the Officer Defendants' Motions to Dismiss count I based on an alleged coerced confession.[11]

### b. Deliberate Deception

Plaintiff's claim of deliberate deception in violation of his Fourteenth Amendment constitutional rights, however, fails to state a claim beyond mere "threadbare" allegations.  See Iqbal, 556 U.S. at 678.  The Third Circuit in Dennis v. City of Philadelphia, 19 F.4th 279 (3d Cir. 2021) held that "a claim for deliberate deception in violation of due process must go beyond the failure to disclose evidence and arises when imprisonment results from the *knowing* use of false testimony or other fabricated evidence or from concealing evidence to create false testimony to secure a conviction." Id. at 291 (emphasis in original).  Thus, though the plaintiff "need not bring

---

[10] Though the Supreme Court has recently held that "a violation of Miranda does not necessarily constitute a violation of the Constitution," Vega v. Tekoh, 597 U.S. 134, 150 (2022), the Amended Complaint alleges more than a mere Miranda violation.

[11] Defendants Walsh, Tomaino, and Gross also argue they are entitled to qualified immunity on Plaintiff's claim of a coerced confession.  ECF 13 at 8.  The Court will not analyze qualified immunity at this stage of the case but will allow Defendants to raise qualified immunity at summary judgment.

a <u>Brady</u> claim" to state a claim for deliberate deception and "a deliberate deception claim against police officers and a <u>Brady</u> claim are not necessarily coterminous," the allegations on a deliberate deception claim must "go beyond asserting a mere <u>Brady</u> violation[.]" <u>Id.</u> at 291–92.  The Third Circuit explained that the complaint in <u>Dennis</u> alleged not just that the officers withheld exculpatory and impeachment evidence in violation of <u>Brady</u>, but that the officers "also failed to correct testimony they knew was false and concealed from the defense the evidence that revealed that trial testimony as false."  <u>Id.</u>

The Amended Complaint vaguely alleges certain "critical evidence" that the Officer Defendants allegedly "conceal[ed] and/or suppress[ed]," Am. Compl. ¶¶ 62, 78, 88, but the Court cannot discern what exactly this evidence is.  Aside from allegations that certain of the Officer Defendants at trial read back confessions they took, only one paragraph of the Amended Complaint alleges the presentation of any evidence with specificity.  Plaintiff alleges that Demond Jackson was a "highly problematic witness" because he had open drug cases, his testimony was "riddled with inconsistencies," he admitted to lying to police to hide his involvement in another robbery on the night of the incident, he admitted to lying under oath about using drugs on the night of the incident, and testified that detectives allegedly corrected mistakes in his statement to police.  <u>Id.</u> ¶ 50.  But there is no allegation that any of the above alleged "problematic" facts about this witness was knowingly concealed from Plaintiff's prior counsel and/or from the court.  Indeed, many of the identified alleged deficiencies are based on statements he himself made in court and testified to, squarely an issue of credibility.[12]

---

[12] The Officer Defendants also argue that Plaintiff's claim is precluded by the <u>Heck</u> doctrine, which bars a § 1983 plaintiff from bringing an action for damages where it would necessarily imply the invalidity of the plaintiff's conviction.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  Defendant Worrell additionally contends that Plaintiff cannot plead a deliberate deception claim because of his subsequent guilty plea to third-degree murder.  But Plaintiff's original conviction was vacated, <u>id.</u> ¶ 60, and his subsequent guilty plea is presumed to be free of the misconduct alleged during the original conviction.  See <u>Poventud v. City of New York</u>, 750 F.3d 121, 134 (2d Cir. 2014) (holding that deliberate deception claims only imply the invalidity of the challenged conviction in the trial in which the alleged

### 2. Count II - Violation of Right Against Self-Incrimination

The Amended Complaint alleges that the Officer Defendants violated Plaintiff's Fifth and Fourteenth Amendment right against self-incrimination. Id. ¶¶ 81–85. The right against self-incrimination "bars the introduction against a criminal defendant of out-of-court statements obtained by compulsion." Vega v. Tekoh, 597 U.S. 134, 141 (2022). As explained above, the Amended Complaint sufficiently alleges that Plaintiff's confession was coerced, and it further alleges that Plaintiff's allegedly coerced confession was introduced against him at his trial. Id. ¶¶ 42–43.

The Court will therefore **deny** the Officer Defendants' Motions to Dismiss count II.

### 3. Count III – Conspiracy

Plaintiff's conspiracy claim fails because the Amended Complaint does not contain any allegations showing the existence of a conspiracy. "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights." Jutrowski v. Township of Riverdale, 904 F.3d 280 (3d Cir. 2018) (quoting Adickes v. S.H. Kress $ Co., 398 U.S. 144, 150–52 (1970). While the Amended Complaint vaguely alleges that "individual defendants…agreed among themselves and with other individuals, to act in concert to deprive Plaintiff of his clearly established Fourteenth Amendment rights," Am. Compl. ¶ 87, such threadbare assertions cannot sustain a § 1983 conspiracy claim, Twombly, 550 U.S. at 556–57 (finding that, "[w]ithout more, parallel conduct does not suggest conspiracy[.]").

---

constitutional violation occurred). Notwithstanding Plaintiff's guilty plea, Plaintiff was entitled to a fair trial in the original conviction, and his current damages action does not undermine the validity of his current conviction. See Dennis v. City of Philadelphia, 2024 WL 3904046, at *3 (E.D. Pa. Aug. 22, 2024) (Sánchez, J.).

### 4. Count IV – Failure to Intervene

The Amended Complaint alleges that the Officer Defendants violated a duty to intervene on behalf of Plaintiff to prevent constitutional violations, id. ¶¶ 91–92, and the Officer Defendants move to dismiss this count contending that they are entitled to qualified immunity, ECF 12 at 19; ECF 13 at 14–16. Qualified immunity shields officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Dennis, 19 F.4th at 287 (internal quotation marks and citations omitted). Thus, it ceases to apply only when (1) a "plaintiff sufficiently allege[s] the violation of a constitutional right," and (2) that "right was 'clearly established' at the time of the official's conduct." Id. at 287.

The Third Circuit in Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002) recognized that an officer can commit a constitutional violation under § 1983 for failing to intervene to "protect a victim from another officer's use of excessive force[.]" Id. at 650–51. However, as this Court and other courts in this circuit have stated, there is no clearly established right to recover for failure to intervene outside of the excessive force context. Gainey v. City of Philadelphia, 704 F. Supp. 3d 589, 603–04 (E.D. Pa. 2023) (Baylson, J.); Onyiah v. City of Philadelphia, 660 F. Supp. 3d 407, 416 (E.D. Pa. 2023) (Padova, J.).

Plaintiff asks this Court to extend the Third Circuit's holding in Smith from a failure to intervene in the Eighth Amendment context to the Officer Defendants' alleged coercive conduct here. The Court declines to do so. Plaintiff contends that "[t]he physical force that was used to coerce Gregory Womack's confession is analogous to the force used in Smith." The Amended Complaint, however, does not contain a single fact alleging the use of physical force.

16

### C. The City

The City argues that Plaintiff's Monell claim for municipal liability must be dismissed because Plaintiff fails to allege underlying constitutional violations against the individual defendants. ECF 13 at 16–17. However, as explained above, Plaintiff sufficiently pleads several alleged constitutional violations against the individual officers. The Court therefore rejects the City's argument and will allow the Monell claim to proceed.

"When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburg, 89 F.3d 966, 971 (3d Cir. 1996). "Plaintiffs can show that an alleged custom was the proximate cause of their injuries by showing that the City 'had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [their injuries].'" Abdullah v. City of Philadelphia, 2023 WL 3059862, at *5 (E.D. Pa. Apr. 24, 2023) (quoting Estate of Roman v. City of Newark, 914 F.3d 789, 798 (3d Cir. 2019)).

The Amended Complaint here specifically pleads, in relevant part, a custom of "using coercive techniques in interviews and interrogations to obtain incriminating evidence; fabricating inculpatory evidence; [and] concealing or withholding exculpatory evidence[.]" Am. Compl. ¶¶ 66–67. The Amended Complaint lists eight cases from around the time of the investigation and prosecution of Plaintiff to support its allegations of a custom, including several cases involving coercive interrogations. Id. ¶ 69. It also alleges that the Philadelphia Police Department was enjoined by three separate consent orders in the 1980s and early 1990s from engaging in practices which "violat[e] the constitutional rights of criminal suspects and others, including systemic violations of the Fourth and Fourteenth Amendments." Id. ¶ 72.

It is therefore reasonable to infer that Plaintiff has sufficiently stated a <u>Monell</u> claim based on a custom of unconstitutional behavior.

### D. The Related Case

The Court notes that its ruling here is consistent with its opinion in <u>Gainey v. City of Philadelphia</u>, 704 F. Supp. 3d 589 (E.D. Pa. 2023), which involves a § 1983 suit against the same defendants brought by two of Plaintiff's co-defendants from his original trial in 1996.

### VI. CONCLUSION

For the foregoing reasons, Defendant Ruiz's Motion (ECF 11) is **GRANTED with prejudice**. Defendant Worrell's Motion (ECF 12) and Defendants Gross, Tomaino, Walsh, and the City's Motion (ECF 13) are **GRANTED IN PART**. Defendant Worrell's Motion and Defendants Gross, Tomaino, Walsh, and the City's Motion are **GRANTED with prejudice** as to the claims for civil rights conspiracy (Count III) and failure to intervene (Count IV), and are **DENIED** as to the claims for deprivation of liberty without due process of law and denial of a fair trial under the Fourteenth Amendment (Count I), violation of Plaintiff's right against self-incrimination in violation of the Fifth and Fourteenth Amendments (Count II), and the municipal liability claim (Count V).

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-1167 Womack v. City of Philadelphia\24cv1167 Memo on MTDs.docx